Functional Life Achievement, Inc. v Aspiring Munchkins LLC (2024 NY Slip Op 01251)

Functional Life Achievement, Inc. v Aspiring Munchkins LLC

2024 NY Slip Op 01251

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Index No. 655583/16 Appeal No. 1820 Case No. 2023-03815 

[*1]Functional Life Achievement, Inc., Plaintiff-Appellant,
v
Aspiring Munchkins LLC, et al., Defendants-Respondents.
Mia Chew et al., Counterclaim Plaintiffs-Respondents,
v
Marian Sheng et al., Counterclaim Defendants-Appellants.

Krauss PLLC, New York (Geri S. Krauss of counsel), for Functional Life Achievement Inc., appellant.
Fischer Legal Group, New York (Andrea Fischer of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 6, 2023, which, insofar as appealed from, denied plaintiff Functional Life Achievement, Inc. (FLA)'s motion for partial summary judgment on its second, third, twelfth, thirteenth, and fifteenth causes of action, unanimously affirmed, without costs.
FLA provides New York State Early Intervention Program (EIP) services to disabled infants and toddlers. It sues former employee Mei Har Chew, and independent contractors Qi Guo and Elaine Ching-Lee Lo, alleging that in 2015-16 they set up a rival EIP Agency, defendant Aspiring Munchkins (AM), using FLA's proprietary information and its roster of independent contractors. After conducting discovery, FLA moved for partial summary judgment on several claims against different groupings of the defendants: breach of good faith and fair dealing, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and disgorgement.
The motion court properly held that issues of fact preclude partial summary judgment (CPLR 3212[b]). FLA's contention that the court applied the wrong standard for its faithless employee claims misreads the order. Contrary to FLA's argument, the court did not hold that FLA's claims could not survive in the absence of a confidentiality or noncompete agreement, and, instead, held — correctly — that, on this record summary judgment could not be granted.
"An agent may secretly incorporate a competitive business prior to his departure as long as he does not use his principal's time, facilities or proprietary secrets to build the competing business" (see Maritime Fish Prods. v World-Wide Fish Prods. , 100 AD2d 81, 88 [1st Dept 1984]). Here, the motion court properly recognized that whether defendants Chew, Guo, and Lo improperly used FLA's time, facilities, personnel, or proprietary secrets in building AM involved questions of fact.
FLA's reliance on defendants' deposition testimony is misplaced as their statements do not establish what defendants were told about the parameters or procedures governing FLA's alleged confidential information. It is unclear whether Guo or Lo even had access to such confidential information. It is undisputed that the therapists and other providers used by FLA are independent contractors who are not required to work solely for FLA. There are also issues of fact concerning whether the individual defendants used their work hours at FLA to form AM. FLA cites Chew's use of a company phone, and email account, in support of her efforts on behalf of AM. However, Chew disputes that the phone in question was FLA's, and all three individual defendants deny that they used company time in creating AM.
FLA highlights a confidentiality agreement Guo signed in 2003. However, Guo left FLA in or around 2012, and, when she returned in 2014 she signed an independent contractor agreement  as did defendant Lo, in 2008. These agreements required Guo and Lo to "safeguard the confidentiality of all [*2]information relating to Clients and their families," and defines "Clients" as "children with disabilities and their families. Because such client information is not the alleged proprietary information at issue here, these documents do not prove FLA's claims against Guo and Lo.
FLA asserts that AM's application for certification by New York State demonstrates conclusively that defendants misappropriated FLA personnel and resources. However, FLA's principal acknowledged at her deposition that FLA independent contractors had the right to work for other agencies. Additionally, there are triable issues of fact concerning whether FLA's business model, quality assurance procedures, or any other resources were used by defendants.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024